COYNE, APPELLANT, *v.* GENERAL MOTORS CORPORATION, APPELLEE.

(No. C-870307—Decided March 2, 1988.)

*Daniel J. Temming,* for appellant.
*Dinsmore & Shohl, John M. Kunst, Jr.* and *Rebecca Hanner White,* for appellee.

KLUSMEIER, P.J. Plaintiff-appellant Diane Buchanan Coyne, the widow of Samuel P. Buchanan, brought this action to recover certain survivor's benefits under the retirement program established by Samuel Buchanan's employer, defendant-appellee General Motors Corporation ("GM"). The trial court granted summary judgment in favor of GM, finding that plaintiff's state-law claims were preempted by the Employee Retirement Income Security Act ("ERISA"), Section 1001 *et seq.,* Title 29, U.S. Code, and that GM's decision to deny benefits to plaintiff must be upheld under the standard of review for claims governed by ERISA. We affirm.

Samuel Buchanan was employed by GM as a production foreman, a salaried position. In December 1976, Buchanan discovered that he had thrombophlebitis and went on sick leave shortly thereafter. On July 23, 1977, Buchanan died at the age of forty-six, having completed nineteen years of service with GM.

Before his death, Buchanan had been a participant in GM's Retirement Program for Salaried Employees. He had chosen to contribute to Part B of the program, electing an "optional survivor benefit" that entitles the employee's spouse to certain benefits upon the employee's death, even if the employee dies before retirement. Accordingly, even though Buchanan had not retired before he died, plaintiff began to receive benefits from GM upon his death. These benefits included health insurance coverage, a monthly survivor's benefit, discounts on GM automobiles and life insurance benefits.

GM's insurance plan provided that health insurance coverage for the surviving spouse of certain employees who had not retired before their death would cease when the spouse remarried. The terms of this plan had been furnished to plaintiff and explained to her by a GM employee shortly after Buchanan's death. The applicable provisions read as follows:

"SECTION A.    ELIGIBILITY FOR COVERAGE

"The Surviving Spouse of
"* * *

"(6) an Employe, if such Employe, at the time of the Employe's death, *was not eligible to retire voluntarily* but had at least 10 years of credited service and had elected the Part B optional survivor benefit under the General Motors Retirement Program for Salaried Employes,

"shall be eligible for coverage under this Plan, for the periods specified below[:]
"* * *

"(c) In the case of the Surviving Spouse of an Employe in category (6) above, *for as long as the Surviving Spouse remains unmarried.*
"* * *

"SECTION D.    CESSATION OF COVERAGE

"(3) In the event of the remarriage of a Surviving Spouse of an Employe in category (6) of Section A of this Part XIV, *personal and dependent coverage shall automatically cease on the date of such remarriage."* (Emphasis added.)

On March 10, 1981, plaintiff married John Coyne, causing GM to discontinue plaintiff's health insurance coverage pursuant to the quoted provision on the ground that Buchanan was not "eligible to retire voluntarily" under any of the corporation's retirement classifications. Plaintiff then filed this action for declaratory judgment and damages resulting from GM's alleged wrongful termination of her health benefits, asserting claims

for breach of contract, negligence and estoppel.[1] As noted above, the trial court granted GM's motion for summary judgment based upon its findings that plaintiff's claims were preempted by ERISA, and that under the standard of review for ERISA-governed claims, the decision to deny benefits must be upheld. On appeal, plaintiff's single assignment of error is that the trial court erred in granting GM's motion for summary judgment.

In 1974, Congress enacted ERISA to govern the establishment, operation and administration of employee-benefit plans, including any employer-established plan that provides health-care benefits to employees and their beneficiaries. Section 1002(1), Title 29, U.S. Code. ERISA provides a cause of action for any beneficiary "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan * * *." Section 1132(a)(1)(B), Title 29, U.S. Code. State and federal courts have concurrent jurisdiction of such actions under Section 1132(e)(1), Title 29, U.S. Code. Furthermore, Section 1144(a), Title 29, U.S. Code states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter *relate to* any employee benefit plan * * *." (Emphasis added.) This preemption provision encompasses "all laws, decisions, rules, regulations, or other State action * * *," Section 1144(c)(1), Title 29, U.S. Code, and has been broadly interpreted to include state common-law claims. *Pilot Life Ins. Co.* v. *Dedeaux* (1987), 481 U.S. 41; *Richland Hosp., Inc.* v. *Ralyon* (1987), 33 Ohio St. 3d 87, 516 N.E. 2d 1236.

In the present case, plaintiff seeks to recover health benefits under GM's retirement and insurance programs, which are indisputably benefit plans covered by ERISA. The common-law claims asserted in plaintiff's complaint directly "relate to" the administration of those programs. We therefore agree with the trial court that plaintiff's claims are clearly preempted by ERISA. See *Pilot, supra; Richland, supra.*

Once a court has found that state-law claims are preempted by ERISA, it may nevertheless proceed to consider the facts underlying those claims as the basis for a cause of action under ERISA. *O'Grady* v. *Firestone Tire & Rubber Co.* (S.D. Ohio 1986), 635 F. Supp. 81; see *Reed* v. *Standard Slag Co.* (Apr. 28, 1987), Scioto App. No. CA 1585, unreported. Courts may review a decision to deny benefits made by the administrator of any ERISA-governed plan; however, such review is limited to a determination of whether the administrator's actions in interpreting and administering a plan's provisions are arbitrary and capricious. *Moore* v. *Reynolds Metals Co. Retirement Program for Salaried Employers* (C.A. 6, 1984), 740 F. 2d 454, certiorari denied (1985), 469 U.S. 1109; *O'Grady, supra.* This limited scope of review is applied in order to avoid excessive judicial interference with plan administration, which would serve to discourage employers from creating voluntary benefit plans. *Moore, supra,* at 457.

We agree with the trial court that GM's decision to deny health benefits to plaintiff upon her remarriage was not arbitrary or capricious. It is undisputed that had Samuel Buchanan been retired at the time of his death, plaintiff would be entitled to health benefits

---

[1] Plaintiff's automobile discount was also discontinued when she remarried. While her complaint contained a challenge to this discontinuation, she does not raise the issue on appeal.

for life under GM's benefit plans. However, Buchanan was not retired; he remained an employee on sick-leave status until his death. Under GM's retirement program, the only retirement classification for which an employee of Buchanan's age and seniority is eligible is "Total and Permanent Disability Retirement" (hereinafter "TPD retirement"). To obtain TPD retirement, an employee must submit an application with supporting medical documentation, which must then be formally approved by GM.

While plaintiff does not dispute that Buchanan never submitted an application for TPD retirement, she contends that he requested that an application be sent to him approximately one month before his death; that GM did not fulfill his request; that Buchanan would have submitted the application immediately; and that he could have provided sufficient medical documentation before his death. We need not speculate as to what actions Buchanan would have taken, because there is absolutely no evidence in the record that he ever requested that an application be sent to him.

Alternatively, plaintiff argues that Buchanan was "eligible to retire voluntarily" at the time of his death, and that, therefore, the provision for termination of health insurance coverage in GM's insurance plan (set forth above) should not have been applied to her. Several of the retirement categories in GM's retirement program are expressly described as "voluntary." TPD retirement, a separate category and the only one for which Buchanan was eligible, is not one of those "voluntary" options. Instead, the program states that under TPD retirement, the employee must be found to be "wholly and permanently prevented from engaging in regular employment." Thus, a disabled employee does not retire of his own volition, but only

because he is unable to work. Furthermore, the undisputed evidence submitted by GM in support of its motion for summary judgment establishes that under GM's consistent interpretation of its benefit plans, TPD retirement is not considered to be a voluntary retirement.

Therefore, we determine that under the plain language of the benefit plans as consistently and reasonably interpreted by GM, the decision to terminate plaintiff's health benefits upon her remarriage was not arbitrary or capricious. In the absence of any genuine issue of material fact, and GM being entitled to judgment as a matter of law, we overrule the single assignment of error.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

BLACK and UTZ, JJ., concur.